UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOLLY RUIZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WOODLAND PARK OBGYN, LLC, NJ BEST OBGYN, LLC and FARES DIARBAKERLI, M.D.,<br><br>　　　　　　　　　　Defendants. | Civ. No. 15-8300 (KM) (MAH)<br><br>OPINION |

**MCNULTY, U.S.D.J.:**

　　The plaintiff, Holly Ruiz, claims that her employers fired her in retaliation for her complaints that her private medical information was improperly disclosed to persons other than her treating physician. Ruiz has asserted four state-law causes of action against her employers, Defendants Woodland Park OBGYN, LLC, NJ Best OB/GYN, LLC and Dr. Fares Diarbakerli (collectively, "Defendants"): violation of the Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. 34:19–1, et seq.; violation of the New Jersey Law Against Discrimination, N.J. Stat. Ann. 10:5-1, et seq.; breach of implied contract; and aiding and abetting.

　　Now before the Court is Ruiz's motion (Dkt. No. 8) to remand this removed action to the Superior Court of New Jersey, where it was originally filed, for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c). For the reasons expressed below, the motion is granted.

**Factual Background**

　　Starting in October of 2014, Ruiz was employed as a receptionist at the medical practice operated by the Defendants. (Compl. ¶¶ 2-3) Shortly after she

1

was hired, Ruiz learned that she was pregnant and informed her employers of her intention to take disability leave. (*Id.* ¶ 6) Ruiz began seeing Dr. Haddad for obstetric care during her pregnancy. (*Id.* ¶ 12) Unknown to Ruiz, Dr. Haddad had previously been a partner of Defendant Diarbakerli and had been associated with the other Defendants, but those relationships had soured. (*Id.* ¶¶ 9-11, 13) At some point, Ruiz's colleagues learned that she was being treated by Dr. Haddad. In March 2015, a colleague berated Ruiz for seeing Dr. Haddad, saying that Ruiz was a "traitor" and "was stabbing Dr. Diarbakerli in the back." (*Id.* ¶¶ 14-17) Ruiz was alarmed that her private medical information, including the identity of her treating physician, had apparently been disclosed. She reported the incident to the Defendants' office manager. (*Id.* ¶ 19) The office manager, too, expressed displeasure that Ruiz was being treated by Dr. Haddad. (*Id.* ¶ 20) On April 27, 2015, Ruiz began her twelve weeks of maternity leave. (*Id.* ¶¶ 23, 24) At that time, the office manager confirmed that Ruiz could return to work at the end of her leave. (*Id.* ¶ 25) Towards the end of her leave, the office manager communicated with Ruiz about her anticipated return to work. (*Id.* ¶¶ 26-28) On August 13, 2015, however, the office manager called Ruiz and told her that she could not return to work. (*Id.* ¶ 29)

Ruiz filed her complaint in Superior Court of New Jersey, Law Division, Passaic County, on October 22, 2015 ("Complaint"). (Dkt. No. 1) Defendants removed the action to this Court on November 25, 2015. The notice of removal asserted that federal question jurisdiction existed over this action because Ruiz alleged violations of the federal Heath Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), as the basis for her state CEPA claim. (*Id.* ¶ 3)

Defendants moved to dismiss the complaint on December 9, 2015.[1] (Dkt. No. 7) The next day, Ruiz filed this motion to remand (Dkt. No. 8). *See* 28

---

[1]  The defendant, having removed the case to federal court (a forum plaintiff never sought), has immediately moved to dismiss it for failure to meet federal pleading standards (which did not apply to the complaint when it was filed). At best this would

2

U.S.C. § 1447(c). Briefing on the motion to dismiss was stayed pending resolution of the motion to remand. (Dkt. No. 11) Defendants filed their opposition to the motion to remand (Dkt. No. 12) on December 21, 2015, and Ruiz filed her reply (Dkt. No. 13) on December 28, 2015.

**LEGAL STANDARDS AND DISCUSSION**

### A. Motion to Remand

Defendants removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. Under § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court. Pursuant to 28 U.S.C. § 1331, a district court has original jurisdiction over cases that "arise under" federal law.[2] "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

It is well established that the plaintiff is the "master of [her] complaint" and can choose whether she wishes to assert a federal cause of action. *See Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 677-78 (3d Cir. 2000). Ruiz's complaint alleges only state law causes of action. However, federal question jurisdiction can also exist where a state law claim "implicate[s] significant federal issues" which would "justify resort to the experience, solicitude, and hope of uniformity" on federal issues that only a federal forum can offer. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

---

win a defendant a dismissal without prejudice, with the right to amend the complaint. Briefing on the motion to dismiss was stayed pending resolution of the motion to remand. (Dkt. No. 11) Because I am granting the motion to remand, the motion to dismiss (Dkt. No. 7) will be administratively terminated.

[2] There is no contention that the parties are of diverse citizenship. *See* 28 U.S.C. § 1332.

In order for a federal court to exercise such jurisdiction based on federal issues that are embedded in state-law claims, the complaint must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility." *Id.* at 314. Cases that satisfy that *Grable* test make up a "special and small category." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

According to the Defendants, Ruiz's CEPA claim is premised on a violation of HIPAA, a federal statute. That contention is evidently based on the following reference to HIPAA in the complaint:

> 20. When she complained, Ruiz believed that Defendants violated her HIPAA rights to have her medical information remain confidential as well as her general rights to privacy and/or a clear mandate of public policy that individuals have the right to choose their own doctor without interference.

(Cplt. ¶ 20, Dkt. No. 1 at 11) That reference, say Defendants, poses a federal issue sufficient to confer federal question jurisdiction. I disagree.

To state a CEPA claim, the plaintiff must show the following: (1) that she reasonable believed that the employer's activity, policy, or practice was in violation of a law, rule, or regulation; (2) that she complained about or objected to the activity, policy, or practice; (3) that an adverse employment action occurred; and (4) that there was a causal link between the plaintiff's action and the adverse employment action. *Dzwonar v. McDevitt*, 828 A.2d 893, 900 (N.J. 2003). A plaintiff is not required to show an actual violation of the law, but must set forth facts supporting an objectively reasonable belief that a violation occurred. *Id.*

True, one of the "violations" that Ruiz complained of, for purposes of CEPA element (1), was a violation of HIPAA. I nevertheless find that this case does not raise a federal issue in the manner contemplated by *Grable*.

Ruiz's claim poses no essential issue of interpretation of HIPAA. Compare *Grable* itself. There, the IRS seized Grable's property to satisfy a tax delinquency and sold it to the respondent, Darue. Grable brought an action in

4

state court to quiet title, claiming that Darue's title was invalid because the notice of sale given by the IRS was invalid under 26 U.S.C. § 6335. *See Grable*, 545 U.S. at 315. There, the interpretation of the federal statute was essential: if notice was legal under 26 U.S.C. § 6335, Darue's title was good; if not, not. The Supreme Court found that the federal court had jurisdiction, based on "the national interest in providing a federal forum for federal tax litigation." *Id.* at 310.

Here, by contrast, Defendants have identified no recognized national interest like that requiring the uniform interpretation of tax law. The leaking of medical data poses no difficult issue of interpretation of HIPAA. And indeed, the CEPA issue here is not even whether HIPAA was violated; it is whether Ruiz reasonably believed HIPAA had been violated when she complained.[3] *See Abella v. Seven Seven Corp. Grp.*, 2014 WL 220570, at *5 (D.N.J. Jan. 21, 2014).

Assuming arguendo that a federal issue is presented, it is not a substantial one. That a state law complaint refers to a federal statute as one of several sources of public policy does not create a substantial federal question. *See Kalick v. Northwest Airlines Corp.*, 372 F. App'x 317, 321 (3d Cir. 2010) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 553 (6th Cir. 2006)). Defendants here have not established that any HIPAA issue here will have "importance... to the federal system as a whole" or "broader effects" beyond this case. *See Gunn v. Minton*, 133 S.Ct. 1059, 1066, 1068 (2013). Of course, there is a general federal interest in regulating healthcare, and any invocation of a federal statute could be deemed to involve a federal issue. But *Grable* requires

---

[3]     Defendants contend that the court must act as a gatekeeper and that this role requires some sort of searching inquiry into federal law, but that is not so. *Dzwonar* and its progeny instruct a trial court to determine if there exists a "substantial nexus" between the conduct complained of and the law or policy allegedly violated. This determination, however, requires only identification of the specific law or policy at issue, nothing more. *See Fischer v. G4S Secure Solutions USA, Inc.*, 614 F. App'x 87, 92 (3d Cir. 2015) (citing *Hitesman v. Bridgeway, Inc.*, 93 A.3d 306, 320 (N.J. 2014) ("The plaintiff must identify that authority that provides a standard against which the conduct of the defendant may be measured.")). Here, HIPAA has been identified as the law that Ruiz allegedly reasonably believed to be violated.

5

more than a federal interest in this weak or generic sense. For example, Defendants have not shown that this case, decided one way or the other, would entail any consequence to the federal system as a whole. Nor does this complaint call into question the validity or core attributes of HIPAA, or invoke any issue of statutory interpretation. Nor does it seek to regulate the conduct of a federal actor. *See MHA LLC v. HealthFirst, Inc.*, 2015 WL 7253669, at *4 (3d Cir. Nov. 17, 2015) (finding no federal question jurisdiction over action alleging violations of New Jersey regulations governing reimbursements to out-of-network providers under Medicaid). In short, any analysis of HIPAA would most likely be incidental to the resolution of this state law action. *See id.* at *3. The center of this controversy is not whether a disclosure violated HIPAA, but whether Ruiz was fired because she complained that it did.

Finally, state courts are competent to apply HIPAA to state law claims. *Id.* The Congressionally mandated balance between federal and state jurisdiction is best maintained by permitting the New Jersey state court to decide the state-law claims presented here.

I find that there is no basis for federal question jurisdiction over this action under 28 U.S.C § 1331. I will therefore grant Ruiz's motion under 28 U.S.C § 1447(c) to remand the case to the state court where it was originally filed.

### B. Motion for Attorneys' Fees

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Furthermore, [a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The decision whether to award fees and costs lies within the Court's discretion. *See Siebert v. Norwest Bank Mn.*, 166 F. App'x 603, 606 (3d Cir. 2006). Here, although I disagree with Defendants' position, I do not find that it is frivolous or that it

lacks a reasonable foundation. I therefore decline to award Ruiz attorney's fees and costs.

## CONCLUSION

For the reasons stated above, Plaintiff Ruiz's motion (Dkt. No. 8) under 28 U.S.C. § 1447(c) is **GRANTED**. This action is remanded to the Superior Court of New Jersey, Law Division, Passaic County. Defendants' pending motion to dismiss the complaint (Dkt. No. 7) is administratively terminated. An appropriate order will follow.

_____
**KEVIN MCNULTY, U.S.D.J.**

Date:  January 13, 2016